SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
SASCHA HENRY, Cal. Bar No. 191914
ROBERT J. GUITE, Cal. Bar No. 244590
shenry@sheppardmullin.com
rguite@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
ABBY H. MEYER, Cal. Bar No. 294947
ameyer@sheppardmullin.com
650 Town Center Drive, Tenth Floor
Costa Mesa, CA 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130

Attorneys for Defendant
STARBUCKS CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| LORI MYERS,<br><br>             Plaintiff,<br><br>       v.<br><br>STARBUCKS CORPORATION,<br>MARS WRIGLEY<br>CONFECTIONARY US, LLC; THE<br>QUAKER OATS COMPANY; and<br>DOES 1-10, inclusive,<br><br>             Defendants. | Case No. 5:20-cv-00335-JWH-SHK<br><br>**CLASS ACTION**<br><br>**DEFENDANT STARBUCKS CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION**<br><br>The Hon. John W. Holcomb<br><br>Complaint filed:  February 24, 2020<br>SAC filed:  August 12, 2020 |

# I.  INTRODUCTION

Plaintiff's ex parte application, which requests that the Court take judicial notice of the current and historic web pages from the Starbucks website describing its COCOA practices program, should be denied because:

- there is no emergency or risk of irreparable harm, immediate danger or prejudice to Plaintiff;

- Plaintiff could have submitted these web pages earlier because the current version was submitted as part of the briefing for Starbucks prior motion to dismiss on May 22, 2020 (Dkt. 43); and

- even if the Court were to consider the web pages, Plaintiff has alleged that she is not relying on them for her claims in this action, and Plaintiff still lacks facts showing that the supply chain used for the Hot Cocoa Mix she purchased was not ethically sourced.

Therefore, Starbucks requests that Plaintiff's ex parte application be denied.

# II.  PROCEDURAL HISTORY

Plaintiff commenced this action on February 19, 2020.  (Dkt. 1.)  Starbucks moved to dismiss the First Amended Complaint ("FAC") and requested judicial notice of the current version of the web page describing Starbucks COCOA practices.  (Dkts. 42, 43.)  The web page, and prior versions of it, are the subject of Plaintiff's ex parte application.  (Dkts. 90, 90-1, Exhs. A-F.)  Plaintiff opposed the request for judicial notice of the same web page.  (Dkt. 46.)  On July 29, 2020, the Court granted the motion to dismiss the FAC, with leave to amend.  (Dkt. 63.)

Plaintiff filed her Second Amended Complaint ("SAC") on August 12, 2020.  (Dkt. 64.)  Pursuant to an agreed briefing schedule, Starbucks filed its motion to dismiss the SAC on September 4, 2020 (Dkt. 70), Plaintiff filed her Opposition on September 28, 2020 (Dkt. 74) and Starbucks filed its reply on October 12, 2020.  (Dkt. 79.)  The hearing was set for October 26, 2020.  While the motion was pending, this case was reassigned (Dkt. 76) and the hearing date moved to

November 13, 2020.  (Dkt. 85.)  At Plaintiff's request, the parties stipulated to move the hearing date to November 20, 2020.  (Dkt. 86.)  On November 16, 2020, this Court entered an order requiring Plaintiff to file a redline showing the changes between the FAC and SAC by November 23, 2020, and reset the hearing date to December 11, 2020.  (Dkt. 88.)  On December 2, 2020, Plaintiff's counsel wrote to counsel for Starbucks to advise that that Plaintiff intended to seek judicial notice of "newly discovered" evidence to oppose the pending motion to dismiss the SAC and requested a conferral.  (Dkt. 90-1.)

The "newly discovered" evidence was not new; Starbucks filed its current COCOA practices web page on May 22, 2020 because Plaintiff had alleged she reviewed the portion of the label that incorporated the web page.  (Dkt. 43.) Plaintiff's proposed request for judicial notice attaches undated[1] web pages from the Starbucks website regarding its COCOA practices.  The current version of the web page (which was the subject of Starbucks request for judicial notice (Dkt. 43)) is identical to Exhibits E and F to Plaintiff's request.  (Dkt. 90-1, Exs. E, F.)  The text of Exhibit D is the same, but adds an image.  (*Id*., Ex. D.)  Exhibits A-C contain the virtually identical text along with some additional content.  (*Id*., Exs. A-C.)

### III. <u>ARGUMENT</u>

### A.     Plaintiff Fails to Meet the Standards for Bringing an Ex-Parte Application.

"Ex parte applications are solely for extraordinary relief and are rarely granted."  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995).  Indeed, "[e]x parte applications have reached epidemic proportions in the Central District" and "are rarely justified."  *Id.*  "Lawyers must understand that filing an ex parte motion . . . is the forensic equivalent of standing in a crowded

---

[1]  The dates of these pages do not appear in the request.  However, during conferral on December 3, 2020, Plaintiff's counsel stated that she captured images going back to 2010.

1   theater and shouting, 'Fire!' There had better be a fire." *Id*.  Ex parte relief will be

2   granted "only upon an adequate showing of good cause or irreparable injury to the

3   party seeking relief." *Schneidereit v. Trust of the Scott & Brian, Inc.*, 2012 U.S.

4   Dist. LEXIS 194026, n.3 (C.D. Cal. Dec. 19, 2012).

5     To justify ex parte relief, the moving party must establish that the moving

6   party is without fault in creating the crisis that requires ex parte relief, or that the

7   crisis occurred as a result of excusable neglect. *Mission Power*, 883 F. Supp. at 492.

8     Plaintiff cannot meet either standard.  Plaintiff's assertion that she "has

9   recently come across newly-discovered evidence that is pertinent to the Court's

10  consideration of Defendant Starbucks's pending Motion to Dismiss" is disingenuous

11  at best.  (Dkt. 90 at 2:11-13).  The evidence is not new.  The web pages were posted

12  by Starbucks on its website and publicly available.  And, Starbucks offered the

13  current version of the web page in its request for judicial notice in support of its

14  motion to dismiss the FAC to which Plaintiff objected.  (Dkts. 43 and 47.)  Having

15  objected to the same web pages and content she now attempts to offer, Plaintiff

16  certainly knew of their existence and could have included it in the SAC (including

17  prior versions she obtained from the "Wayback Machine."  (Dkt. 90-1 at 1:7.)  On

18  these facts, Plaintiff cannot establish either diligence or excusable neglect.

19    **B.** **Plaintiff's Ex Parte Application is a Distraction; She Previously**

20  **Objected to the Court Relying on the Web Pages.**

21    Plaintiff asks the Court to take judicial notice of the COCOA practices web

22  pages from Starbucks website, including the current version that Starbucks offered

23  in its motion to dismiss the FAC and which she opposed.  (Dkts. 46, 47.)  Now,

24  remarkably, Plaintiff argues that it does not matter if she saw the web pages and

25  asks this Court to consider undated web pages.  In changing her position, she asks

26  this Court to look at six web pages and speculate as to how the content could

27  support her claims  -- which she has repeatedly stated do not rely on the statements

28  on the website.  (Dkts. 46 at 3; Dkt. 47 at 14:2-11 and 18:3.)

1    Having objected to the Court taking judicial notice of the COCOA practices

2    webpage, Plaintiff's last-minute application should not be entertained.  Plaintiff

3    previously argued the Court should not consider the web page because (1) the web

4    page was undated; (2) that "material is not judicially noticeable just because it is on

5    the internet;" and (3) there was no reference to the web page in the complaint or

6    allegation that it was "integral to her claim."  (Dkt. 46 at p. 3.)  Plaintiff also argued

7    that a reasonable consumer was "not expected to go on the Starbucks website" and

8    that she "did not read Starbucks' website before purchasing[.]"  (Dkt. 47 at 14:2-11.)

9    Under no circumstances could the web page and content that Plaintiff

10   objected to in opposing the motion to dismiss the FAC in June 2020 be "newly

11   discovered" in December 2020.

12   **C.      Even if the Web Pages Were Considered, the Motion to Dismiss the**

13   **SAC Should Still Be Granted.**

14   As Starbucks argued in its Motion and Reply, the SAC and Opposition show

15   that Plaintiff relies on speculation to try to state a claim for relief against Starbucks.

16   Plaintiff relies on studies regarding the entire West Africa region, but has no specific

17   facts regarding the supply chain used for Starbucks Hot Cocoa Mix that carries the

18   "ethically sourced" label claim.

19   Plaintiff concedes that she is "only challenging the statement 'Made With

20   Ethically Sourced Cocoa' and not any statement on the side of the package."  (Dkt.

21   74 at 17:6-8.)  That statement on the side of the package – that she is not challenging

22   – includes the website for which she now seeks judicial notice.  She earlier confirmed

23   that her claims do not "challenge website statements."  (Dkt. 47 at 18:3.)  Even if the

24   website pages for which she seeks judicial notice were part of her claims, they set

25   forth only broad aspirational goals and statements that the Court already found were

26   insufficient to sustain a claim.  (Dkt. 63 at 13:9-14-22.)  Nothing in the SAC changes

27   that conclusion.

28

SMRH:4813-4232-2899.2

1

### IV.  <u>CONCLUSION</u>

2

For these reasons, Plaintiff's Ex Parte Application should be denied.

3

4

Dated:  December 7, 2020

5

6

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

By         <u>           /s/ Robert J. Guite           </u>

8

SASCHA HENRY
ROBERT J. GUITE

9

ABBY H. MEYER
Attorneys for Defendant Starbucks Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4813-4232-2899.2