1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   SASCHA HENRY, Cal. Bar No. 191914
3  ROBERT J. GUITE, Cal. Bar No. 244590
   shenry@sheppardmullin.com
4  rguite@sheppardmullin.com
   333 South Hope Street, 43rd Floor
5  Los Angeles, CA 90071-1422
   Telephone:    213.620.1780
6  Facsimile:    213.620.1398

7  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
8    Including Professional Corporations
   ABBY H. MEYER, Cal. Bar No. 294947
9  ameyer@sheppardmullin.com
   650 Town Center Drive, Tenth Floor
10 Costa Mesa, CA 92626-1993
   Telephone:    714.513.5100
11 Facsimile:    714.513.5130

12 Attorneys for Defendant
   STARBUCKS CORPORATION
13

14                UNITED STATES DISTRICT COURT

15        CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

16

17 LORI MYERS,                          Case No. 5:20-cv-00335-JWH-SHK

18           Plaintiff,                 **CLASS ACTION**

19       v.                             **STIPULATED PROTECTIVE ORDER**

20 STARBUCKS CORPORATION, MARS
   WRIGLEY CONFECTIONARY US, LLC;
21 THE QUAKER OATS COMPANY; and         The Hon. John W. Holcomb
   DOES 1-10, inclusive,
22                                      Complaint filed:  February 24, 2020
            Defendants.                 SAC filed:  August 12, 2020
23                                      Trial Date:  None Set

24

25

26

27

28

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.      GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things: sales, cost and pricing information including future sales/financial projections; confidential information relating to third parties; business/strategy information; trade secrets within the meaning of the Uniform Trade Secrets Act; non-public marketing information including future marketing plans, or similar such information, pertaining to products not in dispute in this matter and/or information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public

record of this case.

3.      ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

4.      DEFINITIONS

4.1      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.3      Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

4.4      Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.5      Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4.6      Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

4.7      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party

or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to: sales, cost and pricing information including future sales/financial projections; confidential information relating to third parties; business/strategy information; trade secrets within the meaning of the Uniform Trade Secrets Act; non-public marketing information including future marketing plans; and ingredients list, or similar such information, pertaining to products not in dispute in this matter.  The parties agree that although the categories identified above are illustrative of potentially Highly Confidential documents, just because a document falls into one of these categories does not preclude a party from challenging the designation under the procedure set forth in section 8.

4.8    House Counsel: attorneys who are employees,  of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.10    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

4.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

4.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

SMRH:4841-2045-8746.4

Case No. 5:20-cv-00335-JWH-SHK

STIPULATED PROTECTIVE ORDER

5.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

6.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

7.    DESIGNATING PROTECTED MATERIAL

7.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

7.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, Parties should make all best efforts to clearly designate Disclosure or Discovery Material that qualifies for protection under this Order before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, by: (1) a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (2) by written notice, sent to all Parties within 30 calendar days of the deposition or other testimony, provided that only those portions of the transcript designated as

SMRH:4841-2045-8746.4

1  CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY be treated as

2  such.  The Parties may modify this procedure for any particular deposition or other testimony,

3  through agreement on the record.

4         The use of a document as an exhibit at a deposition shall not in any way affect its designation

5  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6         Transcripts containing Protected Material shall have an obvious legend on the title page that

7  the transcript contains Protected Material, and the title page shall be followed by a list of all pages

8  (including line numbers as appropriate) that have been designated as Protected Material and the

9  level of protection being asserted by the Designating Party. The Designating Party shall inform the

10  court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-

11  day period for designation shall be treated during that period as if it had been designated "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After

13  the expiration of that period, the transcript shall be treated only as actually designated.

14         (c) <u>for information produced in some form other than documentary and for any other</u>

15  <u>tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container

16  or containers in which the information or item is stored the legend "CONFIDENTIAL" or

17  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the

18  information or item warrant protection, the Producing Party, to the extent practicable, shall identify

19  the protected portion(s) and specify the level of protection being asserted.

20         7.3    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified

21  information or items does not, standing alone, waive the Designating Party's right to secure

22  protection under this Order for such material. Upon timely correction of a designation, the Receiving

23  Party must make best efforts to assure that the material is treated in accordance with the provisions

24  of this Order.

25  8.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

26         In the event that any Party or Non-Party believes that designated information should not be

27  so designated, or that a different designation should be employed, such Challenging Party shall

28  notify the Designating Party in writing within a reasonable time of receiving the designated

information and at any time that is consistent with the Court's Scheduling Order. Nothing in this Protective Order shall prevent a Receiving Party from contending that any Discovery Material has been improperly designated.

Counsel for the Challenging and Designating Parties then shall meet and confer in good faith concerning such disputed confidential information within ten (10) business days of receipt of the notice, or sooner if timing of the use of such confidential information so requires.  If agreement is not reached, the Challenging Party may file a motion requesting that the Court order the removal of the Designating Party's designation or order a different designation.  Any challenge submitted to the Court shall include a joint stipulation pursuant to Local Rule 37-2.  In such a proceeding, the Designating Party bears the burden of persuasion with respect to any challenged designation.  The designated confidential information shall be subject to and protected by this Order under the designation assigned by the Designating Party until the Court has ruled on any such motion.

9.      ACCESS TO AND USE OF PROTECTED MATERIAL

9.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

9.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as staff of said

---

[1]      It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

1    Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation

2    and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

3    Exhibit A;

4            (b) the officers, directors, and employees (including House Counsel) of the

5    Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

6    the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7            (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

8    reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

9    to Be Bound" (Exhibit A);

10           (d) the court and its personnel;

11           (e) court reporters and their staff;

12           (f) professional jury or trial consultants, and Professional Vendors to whom

13   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

14   and Agreement to Be Bound" (Exhibit A);

15           (g) during their depositions, witnesses in the action to whom disclosure is reasonably

16   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

17   unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

18   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

19   bound by the court reporter and may not be disclosed to anyone except as permitted under this

20   Stipulated Protective Order.

21           (h) the author or recipient of a document containing the information or a custodian

22   or other person who otherwise possessed or knew the information; and

23           (i) any mediators or settlement officers and their supporting personnel, mutually

24   agreed upon by any of the parties engaged in settlement discussions.

25       9.3       Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

26   Information or Items. Unless otherwise ordered by the court or permitted in writing by the

27   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

28   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

-8-

1    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

5    (b) House Counsel of the Receiving Party, as well as employees of the legal department to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8    (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11   (d) the court and its personnel;

12   (e) court reporters and their staff;

13   (f) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16   (g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

22   (h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

24   (i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

26   10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

28   If a Party is served with a subpoena or a court order issued in other litigation that

-9-

Case No. 5:20-cv-00335-JWH-SHK

STIPULATED PROTECTIVE ORDER

compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some

SMRH:4841-2045-8746.4

1    or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2            2.  promptly provide the Non-Party with a copy of the Stipulated Protective

3    Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

4    the information requested; and

5            3.  make the information requested available for inspection by the Non-Party.

6        (c)    If the Non-Party fails to object or seek a protective order from this court

7    within 14 days of receiving the notice and accompanying information, the Receiving Party may

8    produce the Non-Party's confidential information responsive to the discovery request. If the Non-

9    Party timely seeks a protective order, the Receiving Party shall not produce any information in its

10   possession or control that is subject to the confidentiality agreement with the Non-Party before a

11   determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden

12   and expense of seeking protection in this court of its Protected Material.

13   12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

14       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

15   Protected Material to any person or in any circumstance not authorized under this Stipulated

16   Protective Order, the Receiving Party must immediately

17   (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to

18   retrieve all unauthorized copies of the Protected Material,

19   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

20   this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement

21   to Be Bound" that is attached hereto as Exhibit A.

22   13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

23         MATERIAL

24       When a Producing Party gives notice to Receiving Parties that certain inadvertently

25   produced material is subject to a claim of privilege or other protection, the Receiving Party shall

26   employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently

27   treated as required pursuant to this Order and Federal Rule of Civil Procedure 26(b)(5)(B). This

28   provision is not intended to modify whatever procedure may be established in an e-discovery order

1    that provides for production without prior privilege review. This provision is not intended to modify

2    Federal Rule of Evidence 502(b).

3    14.    MISCELLANEOUS

4          14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

5    its modification by the court in the future.

6          14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

7    no Party waives any right it otherwise would have to object to disclosing or producing any

8    information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

9    Party waives any right to object on any ground to use in evidence of any of the material covered by

10   this Protective Order.

11         14.3    Filing Protected Material. Without written permission from the Designating Party or

12   a court order secured after appropriate notice to all interested persons, a Party may not file in the

13   public record in this action any Protected Material. A Party that seeks to file under seal any Protected

14   Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

15   pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

16   to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected

17   Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under

18   the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local

19   Rule 79-5(d-e) is denied by the court, then the Receiving Party may file the Protected Material in

20   the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

21   15.    FINAL DISPOSITION

22         Within 60 days after the final disposition of this action, as defined in paragraph 6,

23   each Receiving Party must return all Protected Material to the Producing Party or destroy such

24   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

25   compilations, summaries, and any other format reproducing or capturing any of the Protected

26   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit

27   a written certification to the Producing Party (and, if not the same person or entity, to the Designating

28   Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected

-12-                    Case No. 5:20-cv-00335-JWH-SHK

1  Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any

2  copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the

3  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy

4  of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

5  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

6  and expert work product, even if such materials contain Protected Material. Any such archival

7  copies that contain or constitute Protected Material remain subject to this Protective Order as set

8  forth in Section 6 (DURATION).

9          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10

11  Dated:  December 21, 2021

12                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

13                              By

14                                        /s/ Robert J. Guite
                                          ROBERT J. GUITE
15                                        SASCHA HENRY
                                          ABBY H. MEYER
16                                        Attorneys for Starbucks Corporation

17

18  Dated:  December 21, 2021

19                              SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP

20                              By                        /s/ Helen I. Zeldes

21                                        HELEN I. ZELDES
                                          Attorneys for Plaintiff Lori Myers
22

23          FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

24  DATED:  December 22 , 2021

25

26

27                                        Honorable Shashi H. Kewalramani
                                          United States Magistrate Judge

28

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 20___ in the case of *Lori Myers v. Starbucks Corporation et al.*, Case No. 5:20-cv-00335-JWH-SHK.. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

SMRH:4841-2045-8746.4

Case No. 5:20-cv-00335-JWH-SHK

STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned filer hereby attests that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  December 21, 2021          /s/ Robert J. Guite
                                   Robert J. Guite